### S. HYMENS v. C. S. BROWN'S EX'RIX.

Where after the death of a party in the Court below, and before administration was opened, the adverse party filed a petition for a writ of error and a bond payable to'the deceased party or his legal representatives, and the citation was served on the executrix afterwards appointed, the Supreme Court, in affirming the judgment, did not include the sureties, on the ground that the bond was not in the terms of the Statute.

Error from Gonzales. The writ of error bond was payable to "the said C. S. Brown or his legal representatives," approved March 12, 1855. Letters testamentary were not issued on Brown's estate, until March 27, 1855, as appeared by certificate on file in this Court.

*Waul & Wilson,* for plaintiff in error.

*A. N. Mills,* for defendant in error.

LIPSCOMB, J. In this case a writ of error was sued out before the last Term; there were a bond and supersedeas. This was done in time to have been brought up to the last Term,

and the writ was made returnable to the last Term. The record was not brought up. Brown died. A new writ was taken out, and bond given. This bond was given to the legal representatives of Brown. The citation was served upon M. A. Brown, executrix, and was issued to her. The case was brought up, and is now submitted, and damages claimed as a delay case.

The appellant does not resist the affirmance of the judgment with damages; but resists the judgment being entered against the securities, because the bond is not in the terms of the Statute. We believe the bond does not pursue the terms of the Statute, and no judgment can be rendered thereon; but the judgment is affirmed against the appellant, with damages for the delay.

Affirmed with damages.