# SUPREME COURT OF TEXAS.

## TYLER TERM, 1863.

27   1
78 684

---

### G. W. Jones and another v. Wm. Hays, use, &c.

Though a bond made by a defendant in execution with sureties, conditioned for the delivery of property levied on to the sheriff on the day of sale, be void as a statutory delivery bond by reason of being made payable to the officer making the levy, instead of to the plaintiff in execution, yet it is a valid obligation against the makers to the extent of the value of the property which, by its means, has been taken from the custody of the law ; and upon proof of the breach of the condition of such a bond, the party in whose favor it was made is entitled to recover from the obligors the value of the property for the use of the plaintiff in execution.

Appeal from Rusk. Tried below before the Hon. C. A. Frazer.

This suit was instituted by the appellee for the use of Weaver Cotton against G. W. Jones, William Brown, and C. C. Hawkins.

The plaintiff Hays, as deputy sheriff of Rusk county, levied an execution in favor of Cotton upon a wagon and ox team, the property of Jones, the defendant in the execution. Jones, with Brown and Hawkins as his sureties, executed his bond for the delivery of the property to the sheriff on the day of sale. This bond was made payable to Hays, who, as deputy sheriff, made the levy, and not to Cotton, the plaintiff in execution, as required by the statute. The bond was returned as a forfeited delivery bond ; but execution emanating from it was superseded at the suit of the makers.

1

This suit was then brought upon the bond as a voluntary or common law obligation. The defendants demurred generally to the petition, and answered with a general denial. The demurrer was overruled, a jury waived, and judgment rendered by the court in favor of the plaintiff for $185 80. The defendants moved for a new trial, which was refused.

*Armstrong & Parsons,* for appellants.

*J. C. Robertson* and *W. Stedman,* for appellee.

Bell, J.—We are of opinion that there is no error in the judgment. It was competent for the plaintiff in the court below to maintain the action upon the bond for the use of the plaintiff in execution, although the bond did not comply with the requisitions of the statute in relation to delivery bonds. The delivery bond required by the statute is a security for the judgment debt, and upon forfeiture of the condition of such a bond, the statute gives a summary remedy. If a bond be executed, though not in compliance with the statute, whereby the property which has been levied on is taken from the custody of the law, the parties to such bond become securities for the payment of the debt of the plaintiff in execution, to the extent of the value of the property which has been surrendered. And upon proof of the breach of the condition of the bond, and of the value of the property, the party in whose favor the bond is executed, is entitled to recover from the obligors the value of the property for the use of the plaintiff in execution. (See the cases of Robinson v. Sherman, 2 Grattan, 178; Roman v. Strattan, 2 Bibb, 199; Sugg v. Burgess, 2 Stewart's Ala. Rep., 509. See, also, Cole v. Robertson, 6 Tex., 356.)

There is no error in the judgment, and it is therefore affirmed.

Judgment affirmed.