THE COLORADO CITY NATIONAL BANK v. LESTER & HAZZARD ET AL.

No. 6249.

1.  **Conclusiveness of Judgment—Replevy Bond.**—When judgment has been rendered for plaintiff in a suit by attachment, after the property seized has been replevied, and the plaintiff had prayed for judgment against the sureties in the replevin bond, if the judgment be against the defendant alone, the sufficiency of the replevin bond as a statutory bond having been put in issue, that judgment is conclusive in a future proceeding against the validity of the replevin bond as a statutory bond, though not on the question of its validity as a common law obligation, no breach of the bond having occurred before the judgment.

2.  **Same.**—A replevin bond was prepared by the attorney of the defendant in attachment, who voluntarily tendered it to the sheriff in order to obtain possession of the attached property.    Its terms were more onerous than the statute required and it was defective as a statutory bond.    *Held,* that since the defendant could only regain possession of the property by executing a bond the fact that through his attorney he tend-

ered one more onerous than required by law did not invalidate it as a common law obligation which could be enforced to the extent of the value of the property replevied in a separate action against the obligors.

Appeal from Mitchell.    Tried below before Hon. Wm. Kennedy. The opinion states the case.

*Henry A. Fowlkes,* for appellant.—1.  The District Judge erred in his conclusions of law in the first paragraph of said conclusions wherein he found the replevin bond executed in said case No. 128 is not a statutory bond, and is more onerous than the bond required by statute.    Ward v. Hubbard, 62 Texas, 568; Johnson v. Erskine, 9 Texas, 1.

2.  A bond is binding if entered into voluntarily and for a valid consideration, if not repugnant to the letter or policy of the law.

3.  A bond to be exacted *colore officii* must be exacted as a prerequisite to a right to which the principal obligors are entitled without giving the bond so exacted.    And although one of the parties is the superior to the others in authority, if they stand on equal footing in making the contract it can not be said to be exacted *colore officii*.    Eichoff v. Tidball, 61 Texas, 425; L. I. M. & C. Co. v. Roberts, 62 Texas, 622; 2 J. J. Marsh., p. 416.

4.  The consent of a plaintiff in attachment to the bond, though not in strict compliance with the statute, and the agreement of defendants to take no advantage of the bond, would make it binding as a common law bond.    Eichoff v. Tidball, 61 Texas, 425.    The defendants would be estopped from denying the validity of such a bond until the debt it was intended to secure was satisfied.    Jones v. Hays, 27 Texas, 1, in which it was held that if a bond be executed, though not in compliance with the statute, whereby the property which has been levied on is taken from the custody of the law, the parties to such bond become the sureties for the payment of the debt of plaintiff to the extent of the value of the property which has been surrendered.

5.  The District Judge erred in his conclusions of law wherein he found that said bond is not good as a common law bond.    Janes v. Reynolds, 2 Texas, 250; Johnson v. Erskine, 9 Texas, 1; King v. Frazer, 2 Ct. App. C. C., sec. 788; Ward v. Hubbard, 62 Texas, 559; City of Marshal v. Bailey, 27 Texas, 686; Sexton v. Hindman, 2 Ct. App. C. C., 462.

No brief on file for appellees.

Henry, Associate Justice.—This is a suit to recover on a replevy bond.

The replevy bond was given in a suit in which the Colorado National Bank was plaintiff and Lester & Hazzard were the defendants.    That suit was to recover a debt of $522.50.    An attachment sued out in it had been

levied upon a stock of merchandise valued by the sheriff in his return at $1045.

The defendants replevied by executing a bond for the sum of $1045. Their own attorney prepared the replevy bond, which having been signed by them and their sureties was tendered by them to the sheriff who held the goods.

The sheriff at first declined to accept the bond until it was examined and approved by plaintiff's attorney, who was present.

When the sheriff was in the act of handing the bond to plaintiff's attorney for the purpose of his making the examination, the attorney for defendants, who wrote the bond, in the presence of defendants and all of their sureties on the bond, interposed and said " that they would take no advantage of any defect in the bond," upon which the attorney for the plaintiff said to the sheriff that with that understanding he would accept it. The bond was approved by the sheriff and the attached goods restored to the possession of the defendants.

Plaintiff afterwards prosecuted its suit to a judgment and foreclosure of the writ of attachment on the replevied goods. The judgment was for $606.74. The plaintiff after the goods were replevied amended and set out the fact of the execution of the replevy bond and the names and residences of the sureties on it, and prayed judgment against the sureties also. The court rendered judgment for the debt and foreclosure of the attachment without mentioning the replevy bond or the sureties. The plaintiff excepted to the refusal of the court to give it judgment on the replevy bond, but *took no further steps in that case.*

The judgment could not be collected, and plaintiff instituted this suit upon the replevy bond.

The defense to this suit is that the replevy bond is not conditioned as the statute requires; that its conditions are more onerous than the statute requires, and that it is therefore void as a statuory bond, and that having been taken by the sheriff *colore officii* it is not good as a common law bond.

The cause was tried without a jury and the judge sustained defendants upon each of said propositions and gave judgment against the plaintiff.

The defense was made to this suit that plaintiff being entitled under the law to a recovery upon the replevy bond in the attachment suit, and having expressly prayed for that relief in his petition, and it having been opposed by the pleadings of defendants on the ground that the replevy bond was not binding, and the court having refused, tacitly, to render any judgment upon the replevy bond, that judgment was an adjudication of the question and should prevent a recovery in this suit.

The judge of the District Court does not mention that aspect of the case in his findings or conclusions and the appellant does not allude to it in his brief. The appellees have not appeared in this court.

The statement of facts embraces all of the record, including the judgment in the attachment case, and we conclude that the question as to whether the replevy bond was a valid statutory bond was in issue and decided by the judgment in the attachment suit, and the decision being against plaintiff prevents a recovery upon it in this suit as a statutory bond.

We do not think, however, that the bond was in issue or could have been in that case as a common law obligation.   The law put it in issue as a statutory bond and the nature of the proceedings show that it was only in that character that it was then being considered, but a conclusive reason why it was not then in issue or adjudicated is the fact that as no breach having occurred previous to the judgment in that case no cause of action had then accrued upon it as a common law obligation.

It follows that to enable plaintiff to recover in this suit the replevy bond must not only be good as a common law obligation but it must be bad as a statutory bond.

Article 170 of the Revised Statutes prescribes the character of the bond, and directs it to be made "payable to the plaintiff in double the amount of the plaintiff's debt, or at the defendant's option for the value of the property replevied, to be estimated by the officer, conditioned that should the defendant be condemned in the action he shall satisfy the judgment which may be rendered therein, or shall pay the estimated value of the property, with lawful interest thereon from the date of the bond."

The bond given and now sued on is for the sum of one thousand and forty-five dollars, and " conditioned that if the defendants are condemned in the above entitled action they or some other person will return the above described property, or its value, to satisfy the judgment which may be rendered against them, together with interest from date."

The judgment rendered in the case was as we have said for $606.74. The bond authorized by the statute provides for its discharge by the payment of that sum with the costs added, they not greatly increasing the amount to be paid by the obligors.   The bond executed requires that if instead of the property money shall be paid it must be the value of the goods, in this instance $1045.

The facts that no more of the money can finally be appropriated by the judgment than the sum required to discharge and satisfy it, and that the surplus, if produced, will finally be restored to the obligors in the bond who produce it, do not change the fact that the bond requires the obligors in this case to bring into court a larger sum of money than they would have been required to do if the conditions of the law had been followed.

In the case of Johnson v. Erskine, 9 Texas, 1, Justice Lipscomb says: "It is laid down by this court in Janes v. Reynolds, 2 Texas, 255, if not

in express terms by implication at least, that if the covenants contained in the bond are more onerous than those imposed by the statute, such departure from the statute would invalidate the bond."

We think the bond in controversy is invalid as a statutory bond because its conditions are more onerous than the law requires. Is it good as a common law obligation?

The case of Jones v. Hays, 27 Texas, 1, was about a replevy bond made payable to the sheriff instead of to the plaintiff in execution as required by the statute. The bond was returned as a forfeited delivery bond, but an execution emanating from it was superseded at the suit of the makers. The bond was then sued upon as a voluntary common law obligation. Judgment was rendered for plaintiff and affirmed by this court, Judge Bell saying: "If a bond be executed, though not in compliance with the statute, whereby the property which has been levied on is taken from the custody of the law, the parties to such bond become securities for the payment of the debt of the plaintiff in execution to the extent of the value of the property which has been surrendered, and upon proof of the breach of the condition of the bond and of the value of the property the party in whose favor the bond is executed is entitled to recover from the obligors the value of the property for the use of the plaintiff in execution."

In the case of Leona Irrigation, Manufacturing, and Canal Company v. Roberts, 62 Texas, 622, Chief Justice Willie says: "The general rule is that a bond whether required by statute or not is good at common law if entered into voluntarily and for a valid consideration, if not repugnant to the letter or policy of the law. All persons of proper age and discretion may make such contracts and they will be binding, although one of the parties was the superior of the other in authority, provided they stood upon equal terms in making the contract. But if the bond is executed *colore officii* or as a condition to some act or proceeding to which the party would be entitled without giving the bond it will be void for duress."

In this case the defendants were not entitled to regain the possession of the attached property without giving a bond. On the contrary, they could only regain its possession by delivering one. There was a valid consideration for the bond and they executed the one in controversy voluntarily. They chose to execute this bond rather than one conditioned as the statute requires, prepared by plaintiff's attorney. Having secured the possession of the property through a bond prepared and tendered by themselves, and upon the assertion of their willingness to be bound by it in every event, they can not now be heard to say that it was extorted from them. The law required them to give such a bond as would have been collectable summarily in the suit in which it was given. Defendants voluntarily gave one that deprived plaintiff of that remedy, but certainly not of all remedy on the fiction that their action was involun-

tary. The law will help them to make good the promises through which they took out of its custody the means of satisfying its judgment rather than be an impediment in their way.                                   :

The value of the property replevied, proved as a fact, and not its assessed value (not to exceed in any event the amount of plaintiff's judgment), is the rule of recovery, treating the bond as a common law obligation.

The evidence as we have said indicates that the property when replevied was of the value of one thousand and forty-five dollars, but that question does not seem to have been treated as material, and we do not feel sufficiently assured that the value is correctly shown by the record to reverse and render judgment here for plaintiff as we otherwise would do, and we therefore reverse the judgment and remand the cause.

*Reversed and remanded.*

Delivered April 19, 1889.