WILLIAM JACOBS ET AL. V. J. S. DAUGHERTY.

No. 3029.

1. **Suit on Common Law Bond—Proof of Breach and Value.**—The defend-ants in distress warrant executed a bond which as against the sureties was held insuf-ficient as a statutory bond. Suit was brought upon it as a common law bond, and no other testimony to the value of the property was tendered save the endorsement by the sheriff upon the distress warrant. *Held,* that the sheriff's appraisement was incompe-tent, and that the value for which the obligors in the bond made themselves liable is the value as established by the rules of evidence known to the common law.

2. **Measure of Damages.**—The measure of damages recoverable by the plaintiff upon such a bond is the value of the property at the time it should have been deliv-ered to the officer, less the costs of its sale under execution, together with interest on the remainder from that date, unless that sum exceeds the amount of the original judgment with interest and costs.

3. **Bond for Delivery of Property Levied Upon.**— It is settled in this court that a bond made to secure the possession of personal property seized by the sheriff under process, and conditioned that if the defendant is condemned in the action he or some other person will return the property or its value to satisfy the judgment, etc., is good as a common law obligation.

4. **Waiver — Landlord's Lien.**—Distress proceedings were instituted, and after judgment in the County Court on appeal the judgment was affirmed save as to the sure-ties on the bond which had been executed as a replevy bond. *Held,* there was no waiver of the landlord's lien by the action of the court in rendering final judgment against the original defendants, while reversing as to the sureties on account of the defects in the bond as a statutory bond.

5. **Distress Warrant.**—A failure of the justice of the peace to issue citation at the same time he issued the distress warrant did not render the warrant void, and it is not subject to attack in a collateral proceeding, as in a suit upon the bond for the value of the property released from the warrant upon the execution of the bond.

APPEAL from Kaufman. Tried below before Hon. Anson Rainey. The opinion gives a statement.

*Manion & Huffmaster* and *Wm. H. Allen,* for appellants.—1. The measure of damages, treating the bond as a common law obligation, is the value of the property replevied (proved as a fact, not its assessed value), not to exceed in any case the amount of plaintiff's judgment and costs. Bank v. Lester, 73 Texas, 542; Field on Dam., sec. 560, pp. 445, 446; Crawford v. Hagood, 40 Texas, 395.

2. In distress proceedings, when the citation is not issued at the same time the distress warrant is issued, the whole proceedings must be treated as a nullity, including the distress warrant. · Rev. Stats., art. 3119; Jones v. Stone, 2 Ct. App. C. C., sec. 358.

3. The distress warrant being a nullity, the levy of the same by the sheriff was invalid, and the so-called replevy bond executed by defendants was exacted as a condition to their holding possession of their property which they were entitled to hold without giving the bond, and is therefore void for duress. Bank v. Lester, 73 Texas, 542; Chitty on Con., 49, 54;

Land Co. v. Roberts, 62 Texas, 622; Sayles' Treatise, sec. 63; Kenigsberger v. Wingate, 31 Texas, 42; Wooters v. Smith, 56 Texas, 198.

4. The court erred in finding for plaintiff against defendants, because their liability upon the bond sued on was released by reason of the plaintiff, J. S. Daugherty, having taken a personal judgment in the County Court against William Jacobs and R. A. Jacobs, and not foreclosing the landlord's lien upon the property levied on under the distress warrant. Bank v. Lester, 73 Texas, 542.

5. In a case where a bond has been given conditioned as required by article 3116, Revised Statutes, pertaining to proceedings by landlord against his tenant, no foreclosure is necessary or even proper, because said bond is an unconditional undertaking to pay the debt, and such bond does not depend upon the validity of the distress proceedings; but in the absence of such bond, or where a bond of an entirely different character and conditioned differently is given, there must be a foreclosure of the lien by the judgment of the court, or the bondsmen are discharged. Wise v. Old, 57 Texas, 514; Cook v. Love, 33 Texas, 487; Toland v. Swearingen, 39 Texas, 447; Gentry v. Lockett, 37 Texas, 503; Haymes v. Gray, 2 Ct. App. C. C., sec. 252.

—— *Woods* and *J. D. Cunningham,* for appellee.— 1. It is not necessary to prove the value of property replevied when the judgment of plaintiff was less than the assessed value of the property.

2. Sureties upon the replevy bond being liable for all costs and interest as well as the principal judgment, therefore it was not error to render judgment for $684.38. Crawford v. Hagood, 40 Texas, 395; 2 Suth. on Dam., p. 49; Jones v. Hayes, 27 Texas, 1; 73 Texas, 547.

3. A bond voluntarily entered into by the makers which takes from the custody of the law is a good common law bond if not a statutory one. Jones v. Haynes, 27 Texas, 1; Bank v. Lester, 73 Texas, 542; Land Co. v. Roberts, 62 Texas, 622.

4. The sheriff is required to take into his custody any property of defendant subject to the same as he may find if the writ be issued regularly, it matters not though the writ may be a nullity. Murf. on Sheriffs, sec. 274; Sayles' Prac., secs. 32, 39; Rev. Stats., art. 2297.

5. A judgment foreclosing a lien upon property can not be rendered unless the same is in the custody of the law, and when replevied the same is not in the custody of the law. Meyer's Dig., art 3117; 2 Ct. App. C. C., secs. 462, 278.

6. When it is proved that property was raised upon rented premises the lien of the landlord is valid without the aid of a distress warrant, and a conversion of the property by a third person would render him liable to the landlord. Templeman v. Gresham, 61 Texas, 50.

7. A conversion by a third person of property which has been previ-

ously mortgaged would render him liable to the mortgagee for the property so converted. 4 Wait's Act. and Def., p. 708; 2 Ct. App. C. C., secs. 414, 528, 529.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee to recover of appellants damages for the breach of the condition of a bond given to procure the release of certain personal property levied upon by virtue of a distress warrant. In that proceeding appellee was plaintiff and appellants William and R. A. Jacobs were defendants. The writ was made returnable to the County Court, where judgment was rendered against the defendants therein and the sureties on the bond. This judgment, on appeal to the Court of Appeals, was reversed as to the sureties and dismissed as to them, upon the ground that the bond was not conditioned as the statute provides. The obligation given in that suit is the foundation of this action, and is made payable upon condition that if the defendant is condemned in the action, he or some other person for him will return the property levied upon or its value to satisfy the judgment that may be rendered against him, together with interest thereon from date. The bond contained a description of the property and recited that it had been appraised by the sheriff at $500. There was no evidence as to the value of the property other than that appraisement. The judgment in the first suit in the County Court was for $385. In the present suit the court below gave judgment against the obligors for $384.38.

There was error in rendering judgment for the plaintiff without evidence of the value of the property. Whether the sheriff's appraisement be sufficient to authorize a summary judgment upon a statutory bond given in order to replevy property seized by virtue of a distress warrant, we need not here inquire. The bond being only a common law obligation is not aided by the statute. As to this suit the sheriff's appraisement is *res inter alios acta,* and is not evidence for or against any one. The value for which the obligors in the bond made themselves liable is the value as established by the rules of evidence known to the common law.

In Jones v. Hayes, 27 Texas, 1, this court said in regard to a similar obligation: "Upon proof of a breach of the condition of the bond and of the value of the property, the party in whose favor the bond is executed is entitled to recover from the obligors the value of the property," etc.

Without passing upon the second assignment, we deem it sufficient to say, in view of another trial, that the plaintiff's damages are the value of the property at the time it should have been delivered after the judgment was affirmed as to the original defendants in the Court of Appeals, less the costs of its sale under execution, together with interest on the remainder from that date to the time of the trial at 8 per cent per annum, unless that sum exceed the amount of the original judgment with interest

to the same date and costs of the former suit, in which event the recovery should be limited to the latter amount. Bank v. Lester, 73 Texas, 347.

The bond was not void as being wrongfully demanded under color of office. It is settled in this court that such a bond is good as a common law obligation. Jones v. Hayes, *supra;* Bank v. Lester, *supra.*

The judgment of the County Court, which was finally affirmed as to the original defendants, recognized the landlord's lien and did not expressly waive it. Not having been waived it was not lost. The obligation was not to return the property or pay its value in the event the lien was foreclosed, but in the event the defendants in the original suit were "condemned" in the action. We take it that this means that the bond was to become obligatory in the event they were cast in the suit.

It may be that the failure of the justice to issue citation at the same time he issued the distress warrant may have been such an irregularity as upon proper motion would have vacated the warrant, but it did not render it void. If it had been quashed the bond may have gone with it, and there would have been at least plausibility in appellants' suggestion of fundamental error. But the distress warrant is not subject to attack in this collateral proceeding.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered December 2, 1890.