COLLARD, Judge,
Section A. — Thjs suit grows out of a case that was twice before the Supreme Court, which will be found reported in 67 Texas, 657, and 78 Texas, 571, to which we refer. This suit is brought by the plaintiff in error, J. C. Overstreet, against defendants in error, A. P. Root and George L. Price, on the replevin bond executed by Manning, Root, and Price, with certain sureties in the original suit by plaintiff against R. E. Watts, E. R. Manning, and the defendants. As will be seen by reference to the reports above referred to and the petition and other pleadings herein, the original suit was by plaintiff against R. E. Watts on notes for $3000, of date May 9, 1883, securing the same by lien on about 2000 head of sheep. Manning, Root, and Price were made parties defendant upon the averment that they claimed some interest in the sheep and were in possession of the same. In that suit plaintiff sequestered the sheep, and Manning, Root, and Price replevied them by giving bond in the usual statutory form in the sum of $6000. Plaintiff abandoned her suit in that case against Root and Price, as shown by entry of record, as follows: “And thereupon the counsel for plaintiff announced in open court, after the evidence had been closed and during the argument of counsel to the jury, that they would not prosecute this suit further against the defendants A. P. Root and George L. Price, and that the plaintiff herein had and set up no claim or lien to or upon the one-half interest of said Root *29 and Price in the flock of sheep sequestered in this cause by the plaintiff, and that she abandoned all claim or lien on the same by virtue of the sequestration levied on said sheep.” Final judgment was rendered after verdict for plaintiff against Watts by default for the amount due on the notes, and as to other defendants as follows: “That plaintiff herein, J. C. Overstreet, do have and recover of and from defendants E. B. Manning, A. P. Boot, and George L. Price nothing by reason of the premises, and that Boot and Price do have and recover of the plaintiff herein on her sequestration bond all their costs expended and incurred by said Boot and Price by reason of the sequestration herein issued and levied on their one-half interest in the sheep.”
Mrs. Overstreet appealed from the judgment, and on appeal the judgment was reversed as to Manning and affirmed as to Boot and Price, the Supreme Court holding that the lien of plaintiff on the one-half of the sheep claimed by Manning was superior to that set up by him. Afterward the cause as it then stood against Manning came on for trial in the District Court, when judgment was rendered for plaintiff against Watts for the amount due on the notes, foreclosing the lien on the Manning half of the sheep — 962 head — and for $3374, the value of the Manning half of the sheep, against Manning, Boot, and Price as principals on the replevin bond, and three other persons as sureties on the bond. From this judgment Boot and Price appealed, and Manning took the case up by writ of error. The Supreme Court affirmed the case as to Manning and reversed and dismissed as to Boot and Price, upon the ground that after the suit was abandoned against them they had never been brought back into the case, or voluntarily appeared therein; the opinion of the Commission of Appeals being that they were out of the case at the time of judgment for all purposes, as well as obligors on the replevin bond as claimants of the sheep, and that hence the court could not render judgment against them. The replevin bond was joint and several, and plaintiff now sues upon the bond, the defendants Boot and Price, without joining Manning or the sureties; alleging that the liability of defendants herein has never been judicially determined, that only a nonsuit or dismissal was taken as to them, and that they are bound as obligors on the bond for the value of ■ the Manning half of the sheep as adjudged against him by the last judgment, which has not been satisfied by payment or return of the sheep.
In reply to the defense of res adjudicata and release of Boot and Price by the abandonment of claim against them and the last judgment against them in the original suit, set up by them herein, plaintiff alleges, that while the record does not show that they reappeared in the case after the abandonment, they were really interested — employed counsel and made defense in the name of Manning for themselves, Manning being insolvent and a resident of California; that while the attorneys for Manning expressly announced at the trial that they rep *30 resented Manning only, and disclaimed as appearing for Root and Price, they in fact represented them in the name of Manning, and so defended the suit.
It is also alleged, that at the inception of the suit Manning and defendant were partners; that they empowered him to employ counsel to represent the suit, and to execute for them the replevin bond and make joint defense. Plaintiff also alleges, that after the defendants Root and Price were dismissed from the original suit they were out of the case for all purposes, and it was afterward prosecuted only against him; and that the court instructed the jury not to consider any other claim, in response to which the jury returned a verdict for Manning alone; upon which judgment was rendered for all the defendants (the first judgment), and that at no time has the liability of Root and Manning been adjudicated on the bond for the Manning half of the sheep.
The court below sustained a general demurrer to the petition, and plaintiff has appealed.
The principal contention of plaintiff is, that Root and Price were merely nonsuited in the original suit as to their liability on the replevin bond, and that such liability as to the Manning half of the sheep has never been decided.
We can not so construe the proceedings and judgment. The opinion in the case of Watts v. Overstreet, 78 Texas, 575, styles the proceeding as a dismissal or nolle prosequi; but it does not adjudge the matter. It decided that the proceedings effectually put Root and Price out of the case for all purposes, as well on their liability on the bond as on other issues involving their rights. A nonsuit or dismissal would accomplish this result as well as a judgment on the merits. The effect of the proceeding as to liability on the bond is expressly pretermitted, and the inaccurate use of the word “dismissal” in relation thereto could not be held to be decisive of the fact. In that appeal the question was, Were Root and Price still parties to the suit at the time judgment was taken against them? not what their liability was or might be. They were declared to be out of court for all purposes.
The question now is, What was the effect of the proceeding? The case was directly abandoned by the plaintiff as to Root’s and Price’s claim to the sheep. Judgment was rendered for them and Manning, which was affirmed in the Supreme Court as to Root and Price. It is true their liability as joint and several obligors with Manning was not specially adjudicated; but it was in issue, and we think must have been included in the judgment. It was adjudged that they were not liable, whether wrongfully or rightfully is not the question, and that judgment was before the Supreme Court with all the issues now before us, and it was affirmed. We can not see why it should not be final. In abandoning the case against Root and Price the plaintiff made no reservation as to their liability as obligors with Manning. She con *31 fessed that she had no cause of action against them for their half of the sheep, and at the time insisted upon no other right against them, upon which -they obtained judgment. This was all evidently upon the hypothesis that they were only bound by the bond for their part of the sheep. There was a retraxit entered of record as to them, followed by judgment which was final of their liability. Their attitude was evidently so understood by the Supreme Court, for when the case was reversed a note was added to the opinion, that the reversal only applied to “Manning and not to Boot and Price, the appellant having in the court below abandoned all right to recover against them.”
This suit is an attempt to litigate over again matters involved in the former suit, upon which by the act of plaintiff and by verdict there was final judgment. Freem. on Judg., sec. 7; Nichols v. Dibrell, 61 Texas, 539; Bank v. Lester, 73 Texas, 542.
We do not think that the allegations in the petition that Boot and Price litigated the case for themselves in the name of Manning can make them responsible for the judgment recovered against him. After they were adjudged out of the case by an abandonment of all claim against them, no judgment against Manning could bind them or affect their right. It is said that they appeared in the case after judgment against them for the value of Manning’s half of the sheep, with motions and pleas, etc. This appearance did not commit them further than to have thé judgment set aside, which was done on appeal. They were so relieved of all liability under the judgment.
We do not think this suit can be maintained, but conclude the judgment of the court below ought to be affirmed.

Affirmed.

Adopted March 15, 1892.