ARMY BANK OF FT. SAM HOUSTON v. SUNSET WOOD CO. et al.   (No. 6176.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 30, 1918.)

GARNISHMENT ⬯85 — FINAL JUDGMENT — SURETIES ON REPLEVY BOND AS PARTIES.

Where defendant, sued for debt, other parties as a firm being garnishees, did not give replevy bond pursuant to Rev. St. 1911, art. 279, to replevy effects or debts garnished, but filed what was intended as such bond, made payable to the garnished partners and not to plaintiff, default judgment against garnished firm was proper, though sureties on "replevy bond" were not made parties.

Appeal from Bexar County Court for Civil Cases; J. H. Clark, Judge.

Suit by the Sunset Wood Company against E. Koerner, wherein E. A. Kelly and F. G. Saunders, doing business under the name of the Army Bank of Fort Sam Houston, were garnished, resulting in judgment against the garnishees by default, whereon execution was issued, and the garnishees obtained temporary injunction against plaintiff and John W. Tobin, Sheriff, which the court later dissolved. From the order of dissolution, the garnishees appeal. Affirmed.

Ed. H. Wicks, of San Antonio, for appellants. J. D. Dodson, of San Antonio, for appellee.

FLY, C. J. The Sunset Wood Company sued E. Koerner for debt, and on same day obtained a writ of garnishment against E. A. Kelly and F. G. Saunders, doing business under the name of Army Bank of Ft. Sam Houston, thereby securing a lien on any funds owing by appellant to Koerner. The latter filed what was intended as a replevy bond, which was made payable to E. A. Kelly and F. G. Saunders, and not to the Sunset Wood Company. No attention was paid to the bond at the trial of the suit, and it was not called to the attention of the county judge. The garnishee failed to answer, and judgment by default was taken against it by the Sunset Wood Company. Execution was issued, and appellant obtained a temporary injunction against appellees, the Sunset Wood Company and John W. Tobin, sheriff of Bexar county, which the court afterward dissolved, and from the order of dissolution this appeal has been perfected.

It is not very clear from the authorities

filed by appellant what the grounds of objection are to the judgment of the court; but, taken with a brief filed by appellees, it would appear that the contention is that there was no final judgment in the garnishment suit, because the sureties on what is denominated the "replevy bond" were not made parties to the judgment.

It is provided in article 279, Revised Statutes, that the defendant, in the original suit, may replevy the effects or debts seized or garnished, by giving bond with two or more good and sufficient sureties, payable to the plaintiff in double the amount of the plaintiff's debt and conditioned for the payment of any judgment rendered against the garnishee. The bond described is to secure the plaintiff in the collection of his debt, and no such bond was filed in this case; but the bond filed was not payable to the plaintiff, as required by statute, but was made payable to E. A. Kelly and F. G. Saunders, doing business under the name and style of Army Bank of Ft. Sam Houston. It did not have the effect of replevying the money owed by appellant to Koerner, and as between the garnishee and plaintiff had no effect whatever. Plaintiff got no replevy bond, the only bond given being one in favor of appellant, and from which it alone could obtain any advantage. It did not, as contended by appellant, protect the plaintiff in the suit, and no one could sue on it except appellant. Appellant might sue on it and protect itself, but the bond does not prevent a judgment against appellant for the amount for which suit was brought. If appellant desired the defendant and sureties on the bond in the suit, it should have impleaded them. The plaintiff had no ground upon which to make them parties.

The judgment is affirmed.