## FIRST NAT. BANK OF BURKBURNETT v. CURTIS.  (No. 1984.)*

(Court of Civil Appeals of Texas. Amarillo. May 31, 1922. Rehearing Denied Oct. 4, 1922.)

1. **Judgment** ⏞407(1)—**Judgment cannot be enjoined where petitioner neglects clear legal remedies for its correction.**

While judgment after production of a defective replevy bond in garnishment may be fundamentally erroneous, the garnishee cannot enjoin the judgment where garnishee neglected its clear legal remedies of seeking to correct it at trial or of bringing appeal or error.

2. **Garnishment** ⏞195—**Replevy bond for double amount only of value of one defendant's property garnished insufficient, not being for double plaintiff's debt.**

Where plaintiff obtains judgment against several defendants and the property of one is garnished, a replevy bond for double the amount only of such property is not a statutory bond for double "plaintiff's debt," and does not release the garnishment lien secured by the garnishment writ.

3. **Garnishment** ⏞195—**Replevy bond must accord with statute to substitute original defendant for garnishee.**

A replevy bond in garnishment will, only when executed in the terms and for amount required by law, substitute the defendant in the original suit for the garnishee, and accord such defendant the defense of the garnishee.

4. **Garnishment** ⏞245—**Plaintiff cannot have summary judgment upon replevy bond not complying with statute.**

Where replevy bond in garnishment does not comply with the statute, though plaintiff

in original suit may retain rights upon it as a common-law obligation, plaintiff cannot have summary judgment thereon in the same suit.

Appeal from District Court, Wichita County; H. F. Weldon, Judge.

Action by the First National Bank of Burkburnett against F. E. Curtis. From a judgment dissolving a temporary writ of injunction against defendant, plaintiff appeals. Judgment affirmed.

Jos. H. Aynesworth and J. L. Lackey, both of Wichita Falls, for appellant.

Kay, Akin & Kenley, of Wichita Falls, for appellee.

HUFF, C. J. This appeal is from a judgment dissolving a temporary writ of injunction, restraining the appellee Curtis and the sheriff of Wichita county, from enforcing a certain judgment against the appellant bank and from procuring any writ on the judgment. Appellee, Curtis, on the 21st day of September, 1920, obtained a judgment in the district court of Wichita county, against L. S. Brannon, and nine others, for the sum of $5,300, and thereafter made application for a writ of garnishment against the appellant bank, which was duly served on the bank, requiring it to answer in the terms of the law. The bank answered the writ in garnishment, showing it was then indebted to L. S. Brannon, one of the judgment defendants in the sum of $1,425.01, and was so indebted when the writ was served upon it, and was not indebted to other defendants. The answer was filed on the 23d day of September, 1920. On the 6th day of October, 1920, and prior to the judgment on the answer, L. S. Brannon executed a replevy bond in garnishment, setting out and describing the judgment as to parties and the amount, $5,300; the principal and sureties acknowledged themselves to be bound to pay F. E. Curtis the sum of $2,851. The bond was approved by the clerk of the district court on that date. On the 15th day of January, 1921, judgment was rendered against the bank in favor of the appellee on its answer in garnishment for the sum of $1,425.51, the sum shown to be due to Brannon by the answer. This judgment also recited the execution of the replevy bond, giving the names of the sureties thereon, and rendered judgment in favor of the bank against the principal, L. S. Brannon, and the sureties named, for the same amount, $1,425.50. Under the judgment so rendered Curtis caused an execution to be issued out of the court, and a levy to be made upon the property of appellant bank. On the 21st day of July, 1921, the bank filed in the court its application for writ of injunction, restraining appellee and Fred K. Smith, sheriff of Wichita county, Tex., from seeking to enforce the judgment so rendered against it, and from further interfering with or attempting to sell its property under or by virtue of the judgment, and said execution issued by virtue thereof. The court in chambers granted the temporary writ prayed for. In the petition for injunction, among other things, it is alleged that the appellant bank filed in the trial court a motion for new trial, calling attention to the fact that the judgment was against it, instead of against the principal and sureties on the replevy bond. Curtis' lawyers conceded that the law as claimed in the motion was correct, but nevertheless thereafter proceeded to procure the issuance of a writ of execution. It is not shown by the petition, or otherwise, that the motion was ever presented to the trial court, and the judgment asked to be set aside or reformed. The appellee filed his motion to dissolve the injunction, pleading generally and specially, alleging that appellant had an adequate remedy at law, and that a judgment had been entered in its favor against the sureties on the replevy bond, and alleging their solvency, and further alleging that the replevy bond executed and approved by the court was not a statutory bond, in that it was not for double the amount of the debt, but was for double the sum shown to be due by the garnishee's answer, praying that the temporary restraining order be dissolved and the cause dismissed. The court rendered the judgment as first above set out, dissolving the injunction. The appellant presents its case upon two propositions: (1) That the court erred in dissolving the temporary injunction, for the reason that when the replevy bond and garnishment was executed, filed and approved, the effect was to place the funds in the hands of the garnishee in possession of the original judgment defendant, and the garnishee was thereby relieved from any further liability to appellee; (2) after the execution of the replevy bond and its approval by the court the garnishee is only a nominal party, and is not charged with any irregularities in the bond; the approval of the bond being within the province of the court.

[1] In our opinion the judgment is not void. The facts alleged may have rendered the same fundamentally erroneous, but this error could have been corrected by an appeal, and, had the appellant presented his motion for new trial or motion to correct the judgment, it is probable, if it had been made to appear a valid replevy bond had been executed, the judgment would have been corrected, but appellant neither sought a correction of the judgment in the trial court or by appeal or writ of error. It had a clear legal remedy for any supposed error which is now sought to be reviewed by an injunction proceeding. We are of the opinion that under the allegations in the petition and the record in this case appellant shows it had an adequate remedy at law, and should not

be permitted to enjoin a judgment regularly rendered upon its answer. Railway Co. v. Ware, 74 Tex. 47, 11 S. W. 918; Slaughter v. American Baptist, etc. (Tex. Civ. App.) 150 S. W. 224 (7); Williams v. Watt (Tex. Civ. App.) 171 S. W. 266 (12); Rainwater v. Gwaltney (Tex. Civ. App.) 157 S. W. 1191; Hamblin v. Knight, 81 Tex. 351, 16 S. W. 1082, 26 Am. St. Rep. 818; Railway Co. v. Hoffman (Tex. Civ. App.) 193 S. W. 1140(4).

[2, 3] In this case the replevy bond is not in double "the plaintiff's debt," but was in double the garnishee's debt, as admitted by it in its answer. It is only a bond executed in the terms and for the amount required by law that substitutes the defendant in the original suit for the garnishee, and which will accord such defendant the right to make the defense of the garnishee. The trial court doubtless held the bond insufficient as a statutory bond, allowing a summary judgment in favor of the plaintiff on the bond, as such. The bond in question did not release the garnishment lien secured by service of the writ on appellant. The appellant, it seems to us, took the risk of paying on execution of such bond. It may be it has a common-law right against the bondsmen. This we do not undertake to determine. If the bond had been a statutory bond, then the statute may substitute the defendant in the original suit and his bondsmen in place of the garnishee on its debt; otherwise not. The cases cited and relied on by appellant were evidently such cases, viz. Modern Dairy, etc., v. Blanke, etc. (Tex. Civ. App.) 116 S. W. 154; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 639; Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 803, and other cases cited. It has been held with reference to a guardianship bond that there is no power in the probate court to order a bond for less than double the value of the estate belonging to minors, and that an order authorizing such bond and a bond for less than the statutory requirements is not a statutory bond. Moore v. Hanscom (Tex. Civ. App.) 103 S. W. 665; McAdams v. Wilson (Tex. Civ. App.) 164 S. W. 59.

[4] We are of the opinion the case of Army Bank, etc., v. Sunset Wood Co. (Tex. Civ. App.) 206 S. W. 222, will apply in this case, as there was no such bond executed as required by the statute. A summary remedy thereon is not given to the plaintiff in the original suit out of which the garnishment was issued, whatever right the plaintiff may have had on it as a common-law obligation. The bond as executed did not comply with the statute, and as a result the trial court could not render a summary judgment under the statute authorizing a judgment on a replevy bond in the same suit. Jones v. Hays, 27 Tex. 1; Lang v. Dougherty, 74 Tex. 226, 12 S. W. 29, at page 34; Bank v. Lester, 73

Tex. 542, 11 S. W. 626; Jacobs v. Daugherty, 78 Tex. 682, 15 S. W. 160.

The judgment of the trial court, we believe, should be affirmed.