## TEXAS NAT. BANK OF FORT WORTH v. FIRST NAT. BANK OF LIPAN et al. (No. 596.)

Court of Civil Appeals of Texas. Waco.
Nov. 10, 1927.

**1. Garnishment ⬅➡105—By serving garnishment writ, plaintiff secures right to satisfaction out of funds in garnishee's hands owned by or owed to defendant.**

Plaintiff in garnishment proceeding by service of writ of garnishment secures right of satisfaction of his demand out of funds in hands of garnishee owned by, or owed to, the original defendant.

**2. Garnishment ⬅➡195—Where defendant in garnishment proceeding replevies funds from garnishee, plaintiff must thereafter look to replevy bond.**

Under garnishment statutes, plaintiff can be deprived of right to satisfaction of his demands out of funds in hands of garnishee, where defendant replevies such funds, and may thereafter be required to look instead to the replevy bond.

**3. Garnishment ⬅➡195—Where replevy bond was not double amount claimed in garnishment proceedings, garnishee held not relieved from liability to plaintiff, notwithstanding clerk of court accepted bond (Rev. St. 1925, art. 4084).**

Where replevy bond was not double amount claimed in garnishment proceedings, as required by Rev. St. 1925, art. 4084, garnishee, who delivered funds to defendant, *held* not relieved from liability to plaintiff, notwithstanding clerk of county court accepted, approved, and filed the replevy bond, and so certified, and funds were paid on faith of his certificate.

**4. Garnishment ⬅➡195—Clerk of court held without authority to accept and approve replevy bond in less than double amount of debt in garnishment proceeding (Rev. St. 1925, art. 4084).**

Under Rev. St. 1925, art. 4084, clerk of county court *held* without authority to accept, approve, and file replevy bond in garnishment proceeding in less than double amount of debt, and his action in so doing was void, so that garnishee was not relieved from liability to plaintiff.

**5. Garnishment ⬅➡195—Motion to quash replevy bond in garnishment proceeding held motion in pending suit not requiring notice to garnishee other than filing and docketing (Rev. St. 1925, art. 2291).**

Motion to quash replevy bond obtained by defendant in garnishment proceeding *held* a motion in a pending suit, within Rev. St. 1925, art. 2291, and the filing and docketing thereof was constructive notice of the motion.

**6. New trial ⬅➡6—Granting new trial to afford garnishee opportunity to make sureties on defendant's replevy bond parties held discretionary with court.**

Where garnishee did not actually know of plaintiff's motion to quash defendant's replevy bond, and motion was granted, granting garnishee's motion for new trial to afford him an opportunity to make sureties on defendant's replevy bond parties *held* discretionary with court.

**7. New trial ⬅➡6—Refusing new trial to permit garnishee to make sureties on defendant's replevy bond parties held not abuse of discretion, where garnishee lost no rights against sureties.**

Though garnishee had no actual notice of motion to quash defendant's replevy bond, refusing his motion for new trial to permit him to make sureties on the bond parties *held* not abuse of discretion, where garnishee lost no rights which it might have had against sureties because of plaintiff's judgment against it.

Error from Hood County Court; K. H. Faulkner, Judge.

Garnishment proceeding by the First National Bank of Lipan and others against the Texas National Bank of Fort Worth, garnishee. The defendant I. L. Rippetoe procured a replevy bond, and, on presentation of certified copy of bond to garnishee, received garnished funds. Plaintiff moved to quash the replevy bond. The motion was sustained, judgment rendered for plaintiff, and the garnishee brings error. Affirmed.

Samuels & Brown and Lawrence Tarlton, all of Fort Worth, for plaintiff in error.

Estes & Estes, of Granbury, for defendants in error.

GALLAGHER, C. J. The writ of error in this case is prosecuted by the Texas National Bank of Fort Worth from a judgment rendered against it on its answer as garnishee in favor of the First National Bank of Lipan. The parties will be designated as in the trial court. The bank of Lipan had theretofore, as plaintiff in a certain suit in the county court of Hood county, recovered a judgment against I. L. Rippetoe, defendant therein, in the sum of $314.60, with interest and costs of suit. On November 4, 1926, plaintiff sued out a writ of garnishment thereon and caused the same to be served on said Fort Worth bank. Said writ was returnable on Monday, January 3, 1927. The garnishee on November 16, 1926, filed its answer in said cause, admitting an indebtedness to the defendant Rippetoe in the sum of $693.20. On the 26th day of November, defendant Rippetoe presented to the clerk of said court a replevy bond, which correctly recited the proceedings and was payable and conditioned as required by law, but which was in the penal sum of only $700. Said sum lacked more than $100 of being double the amount of plaintiff's debt. The clerk accepted said bond and indorsed his approval thereon. Defendant Rippetoe then presented a certified copy of said bond so indorsed to the garnishee herein, and received from it the entire amount owed to him by said bank at the time of the filing of its answer herein. No action was taken at the call of the docket at said January term. On the 7th day of February, 1927, a subsequent day of said term, plaintiff filed its motion to quash said replevy bond on the ground that the same was insufficient in amount. Counsel for plaintiff and defendant were present in court at the time. The garnishee was not represented in court at that time and did not know that a motion to quash said replevy bond had been filed nor that the cause would be heard at that time. The court heard said motion, sustained the same, quashed said replevy bond, and rendered judgment for plaintiff bank against the garnishee bank for the amount of plaintiff's judgment against the defendant

Rippetoe, with interest and costs, in the sum of $431.50. The garnishee filed a motion for new trial. The same was heard at a subsequent day of said term and in all things overruled by the court. Said judgment is presented for review by writ of error.

## Opinion.

The garnishee insists that the court erred in quashing said replevy bond and in rendering judgment against it, and said insistence presents the principal issue in this case. The terms and conditions of replevy bonds in garnishment proceedings are prescribed by our garnishment statutes. One of the requirements of said statutes is that a replevy bond shall be in double the amount of the plaintiff's debt. R. S. 1925, art. 4084. Our courts have construed the several provisions of said statutes to absolve the garnishee from liability to judgment for indebtedness to the original defendant when such defendant has replevied such indebtedness, and to require the court to render judgment against the defendant and the sureties on his bond for any recovery by the plaintiff in such proceedings. Tinsley v. Ardrey, 26 Tex. Civ. App. 561, 64 S. W. 803, 805 (writ refused), and authorities there cited; Modern Dairy & Creamery Co. v. Blanke & Hauk Supply Co. (Tex. Civ. App.) 116 S. W. 154, 155; Sellers v. Puckett (Tex. Civ. App.) 180 S. W. 639, 640; Osceola Mercantile Co. v. Nabors (Tex. Civ. App.) 221 S. W. 991, 994; Wise & Jackson v. Nott (Tex. Civ. App.) 283 S. W. 1110, 1111, 1112. Apparently, the replevy bonds in all said cases were in strict conformity to the requirements of said statutes, except the bond in Modern Dairy & Creamery Co. v. Blanke & Hauk Supply Company. In that case a $500 bond lacked between 30 and 40 cents of being in double the amount of the plaintiff's debt and the deficiency was held de minimus.

[1-3] The plaintiff in a garnishment proceeding by the service of his writ secures a right to the satisfaction of his demand out of the funds in the hands of the garnishee or the indebtedness owed to the original defendant. Under the provisions of our garnishment statutes, he can be deprived of that right by a valid replevy of such funds, and be thereupon required to look instead to the replevy bond for the satisfaction of his claim. Said statutes prescribe the conditions upon which the original defendant can secure the release of the funds impounded and a transfer of liability therefor from the garnishee to himself and the sureties on his replevy bond. By compliance therewith such transfer of liability is effected, regardless of the plaintiff's consent thereto. It follows as a necessary sequence that he has a right to stand on the requirements of the law and to demand a strict compliance therewith. A replevy bond in a sum materially less than

the amount of his demand does not comply with the plain provisions of such statutes. This identical question was before the Court of Civil Appeals for the Seventh District in the case of First Nat. Bank of Burkburnett v. Curtis, 244 S. W. 225, 227, and that court in an able opinion by its then Chief Justice held that a replevy bond in less than double the amount of plaintiff's debt was not a valid statutory replevy bond and did not absolve the garnishee from liability to judgment for the funds in its hands or the indebtedness owed by it to the original defendant. The Supreme Court refused a writ of error in that case. Such holding is in accord with the trend of authorities in this state, which hold that a replevy bond which does not conform to the requirements of the statutes under which it is given is not effective as such and will not support a summary judgment. Army Bank v. Sunset Wood Co. (Tex. Civ. App.) 206 S. W. 222; Jones v. Hays, 27 Tex. 1, 2; Lang v. Dougherty, 74 Tex. 226, 234, 235, 12 S. W. 29, 34; Colorado Nat. Bank v. Lester & Hazard, 73 Tex. 542, 546, 547, 11 S. W. 626, 627; Jacobs v. Daugherty, 78 Tex. 682, 684, 685, 15 S. W. 160; White v. Suttle (Tex. Civ. App.) 255 S. W. 253, 254, and the authorities there cited; Mariany v. Lemaire (Tex. Civ. App.) 83 S. W. 215; Hymens v. Brown, 15 Tex. 302, 303. The replevy bond in this case was given for the protection of the plaintiff in the surrender of a valuable right, to wit, a right to have satisfaction of its debt out of the funds in the hands of the garnishee and a judgment against the garnishee therefor. It had a right to complain of the insufficiency of such bond as a statutory replevy bond and to have the same quashed, and to recover against the garnishee as though such bond had not been given.

[4] The garnishee insists, however, in this connection that, since the clerk of the county court, the officer authorized by law to accept and approve said bond, did in fact accept, approve, and file the same in this cause, and did so certify, upon which certificate it paid the funds so garnished to the defendant Rippetoe, it had a right to rely on such action of said officer, and that plaintiff should have been compelled to seek its redress against said officer and not by quashal of such bond and judgment against the garnishee. The effect on the rights of a plaintiff in sequestration of the action of the sheriff in taking a replevy bond which did not comply with the requirements of the law and was insufficient as a statutory replevy bond was before our Supreme Court in the case of Wooters v. Smith, 56 Tex. 198, 206, 207. The opinion of the court in that case was written by Chief Justice Stayton. We quote therefrom as follows:

"If a bond such as is required by the statute had been executed, the same would have been binding upon the parties thereto and upon those intended to be secured thereby, under and by force of the statute, which declares that such a bond may be given, and that the same shall be valid, notwithstanding it is wanting in the mutual assent of the parties.

"In such case the officer taking the bond is authorized by the law to make the contract with the party executing the bond, and in such case he is made in a restricted sense the agent of the beneficiary; but this power conferred by the statute upon the officer is a power to do a certain thing in a certain way, and the officer takes no power thereunder by implication to do anything other than the statute empowers him to do; hence, in taking the bond sued upon in this case, he was not in any legal sense the agent of the beneficiaries intended; they were not bound thereby, and could have presented to the officer a proper replevin bond, the defendant in the suit having failed so to do, and they would then have been entitled to the possession of the property, and the court upon proper application would have enforced the delivery."

We think the rule there announced is applicable here and that the plaintiff's rights could not be in any way prejudiced by the action of the clerk in taking an insufficient replevy bond. The following quotation from the opinion of the court in Bank v. Curtis, supra, is applicable in this connection:

"The bond in question did not release the garnishment lien secured by service of the writ on appellant. The appellant, it seems to us, took the risk of paying on execution of such bond. * * * If the bond had been a statutory bond, then the statute may substitute the defendant in the original suit and his bondsmen in place of the garnishee on its debt; otherwise not."

[5] The garnishee had no notice of the filing of the motion to quash the replevy bond and did not know that said bond had been quashed and the case tried and disposed of until some time after judgment had been rendered. The motion to quash was a motion in a pending suit within the meaning of article 2291 of the Revised Statutes, and the filing and docketing thereof was constructive notice. There is no contention by the garnishee that it made any arrangement to be notified of the setting of the case or that it requested either the court or opposing counsel to advise it of a purpose to proceed to trial therein in time to be present at such trial. The garnishee contends that, if it had been represented at such time, it would have asked the court, upon quashal of such bond, to continue the case to afford it an opportunity to make the sureties thereon parties to the suit and seek judgment against them on said bond as a common-law obligation. This contention was urged in a motion for new trial filed by the garnishee, the overruling of which motion is presented as ground for reversal.

[6, 7] The granting of a new trial for the purpose of affording the defendant an op-

portunity to make additional parties and seek judgment over against them is a matter largely within the discretion of the trial court. If the garnishee had a cause of action for reimbursement on said bond as a common-law obligation, such cause of action still exists in unabated vigor and unaffected by the final disposition of this case. We cannot say that the trial court abused his discretion in overruling said motion, and therefore such action does not constitute cause for reversal. Temple Electric Light Co. v. Halliburton, 104 Tex. 493, 495, 140 S. W. 426.

The judgment of the trial court is affirmed.