## Asa Smith and Others v. Isam Tooke.

The failure of the Sheriff to return the writ of attachment, as required by law, raises a presumption against him, which he did not remove by any justification or excuse, and he was therefore rightly held liable. And the amount of property in the possession of the defendant in attachment, which was determined by the jury to belong to him, being sufficient to satisfy the debt, the demand of the plaintiff became the measure of damages, for which the Sheriff and his sureties are liable.

Where the plaintiff in attachment sued the Sheriff and his sureties for failure to execute and return the attachment, alleging that the defendant in attachment had certain property at the time, and the defendants answered that the defendant in attachment had sold and delivered said property to A, wife of B, and given her a bill of sale thereof, before the attachment was issued, and that said defendant in attachment had no property on which the attachment could be levied, and at the trial the defendants, without objection, gave in evidence a bill of sale of said property to B and his wife A, and plaintiff, also without objection, introduced evidence to prove that said bill of sale was intended to defraud the creditors of defendant in attachment, it was held that defendants could not complain of the admission of the evidence of fraud in the bill of sale, nor of the submission of that issue to the jury in the charge of the Court, on the ground that the fraud was not alleged ; and it was put on the ground that the bill of sale was not responsive to the special allegation of defendant, and was only admissible under the general denial of property, and that therefore it was competent for plaintiff to confess and avoid it without previous allegation.

Error from Colorado. Tried below before the Hon. James H. Bell.

Suit by Isam Tooke against Asa Smith, former Sheriff of Colo-

rado county, and the sureties on his bond, commenced on the 22d day of Oct., 1856, alleging that on the 19th May, 1854, said plaintiff instituted a suit in said District Court, for a certain amount against one A. J. Shannon, and obtained an attachment, which he caused to be placed in the hands of said Asa, Sheriff as aforesaid ; that at that time said Shannon had sufficient property in said county to have satisfied said demand and costs, to wit : eight head of horses, each worth $50, of which the said Sheriff was fully informed, and requested to levy on them or as much thereof as was necessary to pay said demand and costs ; that the said Sheriff then and there received from plaintiff an indemnifying bond, approved by him, against all damages that he might sustain by reason of the levy on said horses ; that the said Sheriff did pretend to make a levy on seven of said horses, but failed to take and secure them, wilfully and negligently permitting said horses to be taken out of the county ; and then refused and failed to return said writ of attachment ; that on the 27th Oct., 1854, plaintiff recovered judgment in said suit for $309 17 and costs of suit against said Shannon ; that on the 27th of February, 1855, plaintiff caused an execution to be issued on said judgment, but the same was returned no property ; and that said Shannon died on the     day of     1856, wholly insolvent ; and that by reason of the failure of said Sheriff to do his duty as aforesaid, this plaintiff will have wholly lost his demand, unless he can recover the same from said Sheriff and his sureties; allegations as to the Sheriff's bond and sureties ; and prayer for the amount of said judgment and the costs of that suit, &c.

Defendants made various technical objections, which this Court refused to notice. They also pleaded that on the     day of 1854, before the institution of said suit of plaintiff against Shannon, the said Shannon for a valuable consideration, to wit : the sum of     dollars, then and there paid to the said Shannon by Emily Gilbert, wife of one T. Y. Gilbert, did grant, bargain, sell and deliver to the said Emily, all the horses which it is alleged in the petition, were the property of the said Shannon, and made a bill of sale of the same to the said Emily ; and that said horses were, on the 19th day of May, 1854, and long before, the sole and separate property of the said Emily. And further answering they say, that at the date of the institution of the suit of said plaintiff against said Shannon, and for some time previous thereto; the said Shannon was wholly worthless and insolvent, and had no property, real or personal or mixed, in the county of Colorado,

or elsewhere, on which the said writ of attachment could be law-
fully levied.

The evidence was contradictory; the plaintiff's sustaining the
allegations of the petition; and the defendants' sustaining the
allegations of the answer, except that the bill of sale from Shan-
non, to the admission of which there did not appear to have been
any exception, was to T. Y. Gilbert and Emily Gilbert; it was
dated March 4th, 1854, and purported to be in consideration of
$1,210, and to convey thirteen head of horses, eighty head of
cattle, a wagon, four yoke of oxen and an ox cart; there was some
evidence offered by defendants to prove that the horses were the
separate property of Mrs. Gilbert; and some evidence by plain-
tiff to prove that the bill of sale to Gilbert and wife was made to
defraud his creditors. There were no exceptions to this testimony;
but objection was made to the charge of the Court, which sub-
mitted, among others, the issue of fraud or not in making the
bill of sale by Shannon.   Verdict and judgment for plaintiff.

*J. H. Robson,* for plaintiffs in error.

*G. W. Smith,* for defendant in error.

Roberts, J.   This is an action brought against Smith and his
sureties on his bond, for his failure to perform his duty as Sheriff,
in the execution and return of a writ of attachment, by which the
defendant in error, Tooke, has been damaged to the amount of
his debt.   The petition contains two grounds of failure of duty.
1st. In having levied on property sufficient to satisfy the debt,
and letting it get out of his possession, and disappear by his neg-
ligence.   2d. In not returning the writ of attachment.

If the evidence sustains either of these grounds, and there is
no error in the charge of the Court, in relation to such ground,
the verdict of the jury in favor of Tooke for damage, to the
amount of his debt, will be sustained. (Sims & Smith v. Chance,
7 Tex. R. 561.)

Whatever doubts there may be in relation to the first ground,
it is believed, the last one is amply sustained by the evidence,
which was properly admitted to go to the jury by the Court.

The charge on this ground was in accordance with the statute;
that, failing to return the writ, the Sheriff became liable to the
party injured, for all damages he may have sustained.   (Hart.

Dig. Art. 2888, page 869.) It was shown that the Sheriff received the writ, failed to return it, and made no excuse for the failure; that the defendant in the attachment had sufficient property, known to the Sheriff, which, under the evidence, was determined by the jury to belong to defendant in the attachment and liable to levy; and there was some evidence, tending to show that, if the Sheriff had returned the writ, it would have fixed his liability. For it must either have shown a levy on property, or it could not have shown truthfully, that the defendant in the attachment had no property liable to the writ. His failure to return the writ, as required by law, raises a presumption against him; which he did not remove by any justification or excuse, and he was therefore rightly held liable. And the amount of property in the possession of defendant, which was determined by the jury to belong to him, being sufficient to satisfy the debt, the demand of plaintiff below became the measure of damages. The return of the writ, being a duty required by law, the sureties on his bond became liable for the damage arising from his failure. (Hart. Dig. Art. 2882, 2888.)

Plaintiffs in error, to avoid this liability, set up in defence that the property, in the hands of the defendant in the attachment, had, for a valuable consideration been transferred by bill of sale to his mother, Emily Gilbert, and was her sole property before the issuing of the attachment. It is objected by plaintiffs in error, that the Court erred in charging the jury that they might find this transfer to be void, for want of consideration, and if made to delay or defraud creditors; when there was no allegation in the pleadings of plaintiff below, that said bill of sale was made to delay or defraud creditors. Had this been the only plea of that character, this position might be tenable. The evidence adduced was not in accordance with this plea; for the bill of sale was made not to Emily Gilbert alone, but to her and her husband T. Y. Gilbert. But there was another plea, more general in its character, under which this evidence was admissible, which alleged that Shannon, the defendant in the writ, was wholly worthless, and had no property liable to be levied on by virtue of said writ. This plea did not require any allegations in avoidance on the part of plaintiff below; but left the question of Shannon's right to the property open to evidence generally on both sides. It was only under this plea, that the bill of sale from Shannon to Emily Gilbert and her husband, (differing from the one described in the plea,) was admissible; and under this plea it was liable to be

48

avoided by evidence, without a special allegation of fraud being made by plaintiff below.

When the whole of the pleading is considered, with reference to the evidence adduced, we conclude that this objection is not well taken.

The plaintiffs in error then failed, both to give any excuse for not returning the writ, and to avoid the liability of showing that Shannon had no property liable to levy.

There are various questions raised which it is not necessary to discuss.

Judgment affirmed.