W. H. POLAND, ADM'R, v. F. M. HENRY AND G. D. FRAZIER.

(Case No. 1895.)

1. REPLEVY BOND — JUDGMENT — LIMITATION. — Property attached during the pendency of a suit was replevied by the owner. Judgment was rendered against the owner, but the replevy bond had been lost between the date of the judgment and the time when it should have been indorsed "forfeited," the property not having been delivered according to the stipulation of the bond. More than four years later suit was brought to substitute the bond and obtain a judgment of forfeiture upon it. *Held:*

(1) That the substituted bond would occupy the position of the one lost, which, never having been forfeited in the manner prescribed by statute, was not a judgment against the sureties who signed it.

(2) That, had the bond been indorsed according to the statute, it would have required ten years to bar an action upon it; but being a mere moneyed demand against the obligors, under the then existing statute, four years barred a recovery on it.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

The opinion states the case.

*H. McKay,* for appellant.

*Geo. F. Todd,* for appellees.

Willie, Chief Justice.— On the 14th of February, 1872, James B. Frost sued John D. Smith upon a moneyed demand, and caused a writ of attachment to issue, which was levied upon seven bales of cotton. The cotton was replevied by Smith, Henry and Frazier becoming sureties upon his replevin bond. Judgment was rendered against Smith on the 13th of May, 1875. The bond was lost between the date of the judgment and the time when it should have been indorsed forfeited, the cotton not having been delivered according to the stipulations of the bond. Frost transferred his judgment against Smith and claim against the sureties to Thos. Poland, who, on the 8th of July, 1879, commenced this suit upon the judgment against Smith, and upon the bond against his said sureties. The object of the suit was to substitute the bond and to obtain a judgment of forfeiture upon it, and also a judgment against Smith, Henry and Frazier for the full amount of principal and interest due upon the judgment rendered against Smith on the 13th of May, 1875. Thos. Poland having died, W. H. Poland, his administrator, prosecuted the suit, and Smith having been dismissed from the cause, the appellees were the only defendants below when the suit was determined. They pleaded limitation of four years by way of special demurrer, which, having been sustained by the court, and the plaintiff having declined to amend, final judgment was rendered for the defendants. From this judgment an appeal is taken to this court, and the error assigned is the ruling of the court upon the special demurrer.

The suit, so far as these appellants are concerned, is upon the replevin bond. Its object is to obtain a judgment of forfeiture upon the bond for the full amount recovered against Smith in the former judgment. The substitution of the bond is a mere preliminary step towards its enforcement. If we treat the prayer for substitution as granted, the case will stand as a suit upon a replevin bond which has never been declared forfeited, as prescribed by the statute, and hence not a judgment against the sureties signing it; for when a paper is substituted it stands in the same condition as when it was lost or destroyed.

Treating the case as a suit upon the original bond, without forfeiture indorsed upon it, which it is, the only question is, Was it barred by limitation? Whether we date the accrual of the cause of action from the day the judgment was rendered, or from the time when the forfeiture might have been indorsed upon the bond (which was ten days thereafter), more than four years had elapsed between its accrual and the time of the commencement of this suit.

The statute of limitations in force when the cause of action accrued, as well as when the suit was brought, barred all actions of debt grounded upon any contract in writing, at the end of four years next after the cause of such action or suit accrued. Pasch. Dig., 4604.

Had the bond been forfeited in the manner prescribed by statute, it would have had the force and effect of a judgment; and, under the previous decisions of this court, would not have been barred until after the expiration of ten years. Austin v. Townes, 10 Tex., 24; Burton v. Miller, 14 id., 299.

But, without the declaration of forfeiture, it was a mere contract for the delivery of property, which had not been complied with, and hence became a recognized demand against the obligors for the full amount of the principal, interest and costs of the judgment against Smith. As such demand, it came within the province of the above clause of the act of limitations, and the court properly held that suit upon it was barred. The judgment below must be affirmed.

AFFIRMED.

[Opinion delivered October 27, 1885.]