### Ex Parte J. S. Medaris.

#### No. 1684. Decided December 22, 1897.

**County Convict—Hirer's Bond—Construction of Statute.**

Under article 3744, Revised Statutes, with regard to hiring out county convicts, it is expressly provided, that such convict may "be hired out to any individual or corporation, within the county of conviction, to remain in said county." Held, the hiring must be to a resident of the county; and under such hiring the convict must remain in the county, and a hiring bond given by a party and sureties who all lived in a county other than that where the conviction was had was invalid.

Appeal from Lee County upon a hearing on habeas corpus in chambers, before Hon. Ed R. Sinks, wherein relator was remanded to the custody of the sheriff, under a capias pro fine.

The opinion states the case.

*M. R. Stringfellow* and *J. N. Storey*, for relator.—When a county convict is hired out, the bond executed by the hirer discharges the judgment of conviction, and the State no longer looks to the convict for payment, but to the hirer and his sureties. There is no exception to this rule except in case of an escape and the rearrest of the convict before the bond falls due.

The fact that the hirer does not reside in the county of conviction does not vitiate or avoid his bond, and the judge before whom this cause was heard erred in holding that the bond in this case was void because the hirer did not reside in Lee County and for that reason refusing to discharge the applicant. Rev. Stats., art. 3744-3748; Ex Parte Price, 11 Texas Crim. App., 538; Herm. on Estop., secs. 211, 212, 216; Maybee v. Snippen, 16 N. Y., 560.

*Mann Trice*, Assistant Attorney-General, for respondent.

HURT, Presiding Judge.—Relator was convicted in the County Court of Lee County of a misdemeanor, and fined $100, was placed in jail, and while so in jail a convict bond was given under the following circumstances, to wit: The defendant lived in Caldwell County (the conviction having occured in Lee County), and the bond for hiring out the convict (relator herein) was given by a party living in Caldwell County, and all the sureties on said bond lived in Caldwell County; in

other words, defendant, his principal, and the sureties on the convict bond, all lived out of the county where the conviction occurred. Relator did not work for his principal, nor did the principal pay any portion of his obligation; whereupon a capias pro fine was issued, and relator placed in jail. He applied for a writ of habeas corpus. The writ was issued, the cause tried before Hon. Ed R. Sinks, District Judge, who, after hearing the case, remanded him to the custody of the officer. Relator excepted, and prosecutes this appeal.

The ruling of the court no doubt was based upon the following language, contained in article 3744, Revised Statutes 1895: "Any person who may be convicted of a misdemeanor or petty offense, and who shall be committed to jail in default of the payment of the fine and costs adjudged against him, may be worked upon the public roads or upon the county farms of the county in which such conviction is had, or be hired out to any individual, company, or corporation within the county of conviction, to remain in said county," etc. That portion of this article which forms the basis of the decision of the trial judge is found in this portion, "or be hired out to any individual, company, or corporation within the county of conviction, to remain in said county." This seems to contemplate that the hiring out can only be done by some individual, company, or corporation within the county of conviction, and binds the convict to remain in said county. This portion of the statute formerly read, "or be hired out to any individual, company, or corporation;" the words, "within the county of conviction, to remain in said county," being added by amendment. Without going into the reasons why the Legislature made these changes in the statute, they evidently intended that the hiring should be to a resident of the county, and that under said hiring the convict must remain in the county; and we therefore believe the construction of the trial court is correct, and that the bond was invalid. The judgment is affirmed.

*Affirmed.*