## EX PARTE JACK MILLSAP.

### No. 1648. Decided March 23, 1898.

**1. Convict Hiring Bond Executed on Sunday.**

It is no objection to a convict hiring bond that it was executed on Sunday.

**2. Same— Only One Surety to Bond.**

A county convict hiring bond is not a valid bond which is executed with only one surety. Rev. Stats., art. 3746.

**3. Same—Rearrest of Convict.**

Where a county convict's hiring bond is void, he may be arrested under a capias pro fine, and the fact that he may have settled with the hirer or principal in the bond, does not satisfy the judgment for the fine and costs in behalf of the State, nor defeat the State's right to exact its payment to her.

APPEAL from the County Court of Hunt. Tried below before Hon. W. H. RAGSDALE, County Judge.

Appeal from a judgment remanding relator to custody on a hearing on habeas corpus.

The relator, Jack Millsap, was convicted in March, 1897, in the County Court of Hunt County, his fine being assessed at $10, which with costs amounted to $101.55, and he was committed to jail in default of payment of fine and costs. On March 21, 1897, Jehu Lindley hired the relator, under the law relating to county convicts, at the rate of $10 per month. He executed a convict bond, with John M. Lindley as surety. The bond was approved by W. H. Ragsdale, county judge, on March 21, 1897, at which time Lindley paid the county judge $1.50 for approving the bond, and $10, the first monthly instalment on the hire of the relator. When the county judge approved the bond he directed the sheriff to release the relator, which was done, and he worked for said Jehu Lindley a sufficient time to pay the balance due on the bond. In February, 1898, nothing further having been paid on the bond, the county judge brought suit on same in the justice court. Lindley, the hirer, urged as a defense to the bond, that it was executed on Sunday, and was for that reason void. The county attorney, representing the county judge, thereupon dismissed the suit, and immediately ordered capias pro finem on the original judgment of conviction, under which the relator was arrested, and is now held by the sheriff. He applied to the county judge for writ of habeas corpus, and on hearing he was remanded to the custody of the sheriff. To this judgment the relator excepted and appeals to this court.

*Sherill & Hefner,* for relator.—There is but a single question in the case. Was the convict bond presented to and approved by the county judge valid? The objections to it, and on which the county judge held it to be void, were, first, it was executed and approved on Sunday; second, there was only one surety. If, for either reason, the bond was void, the judgment of the court remanding the relator to the custody of the

sheriff is correct, and must be affirmed. If the bond was not void, the judgment should be reversed and the relator discharged.

Contracts made on Sunday, which are not prohibited by the laws of the State, are valid. It is admitted in this case that the bond was dated, executed, and approved on Sunday. Schneider v. Sansom, 62 Texas, 201; Beham v. Ghio, 75 Texas, 87; Bish. on Con., sec. 536.

There is no statute in this State prohibiting the execution of such bond on Sunday. Articles 183-186 of the Penal Code prohibit the performance of certain labor on Sunday, but excepts works of necessity and charity. In Schneider v. Sansom, before cited, it was said by the court that a sale of goods in payment of a debt, on which attachment had issued, was a work of necessity, and the sale valid. The reasoning of the court in that case will apply in this. The court said, that if the debtor had the money no one would question his right to pay the debt on Sunday and prevent the seizure of his goods under the attachment writ; and if he had the right to pay the debt in money, he certainly had the right to pay it in goods. It is not necessary for the court in this case to hold that the execution and approval of the bond on Sunday was a work of "necessity," because there is no statute prohibiting the performance of such acts as the execution and approval of a convict bond on Sunday. The liberty of a citizen is more sacred than property rights, and to release a citizen from the common jail is a work of "necessity," and would no doubt be so held by this court if necessary.

While a statutory bond must be in substantial compliance with the statute, yet to render it void for want of conformity with the statute, it must be made so by express enactment, or be more onerous than the statute requires. There was no question made as to the conditions of the bond. On the trial below it was treated as in all respects regular, except it had only one surety. 1 App. C. C., sec. 820; Ward v. Hubbard, 62 Texas, 559; Johnson v. Erskine, 9 Texas, 1; Sayles' Civ. Stats., 1897, art. 3746.

The statute relating to the hiring of county convicts is directory. It requires that the bond shall have two or more sureties. Yet, if the county judge be satisfied with less, and approves the bond, it is vaild, because there is no express enactment declaring it invalid for want of two or more sureties. The principal can not complain, and the only instance in which a surety can be heard to complain of the want of another surety is a case where he has signed the bond with the understanding that it should be signed by another before delivery. In this case John M. Lindley, the surety on the bond, himself delivered it to the county judge, and can not complain that he was in any manner injured by the want of another surety.

The county judge having approved the bond for the hire of the relator, and the latter having labored a sufficient time to pay the full amount, the burden of proof is on the State to show that the bond was invalid. In the absence of such proof, the bond will be presumed to have been in compliance with the statute.

*W. W. Walling* and *Mann Trice,* Assistant Attorney-General, for the State.—County convict bonds, like bail bonds, are "statutory bonds," and the rules of equity do not apply in the construction thereof. Wallen v. State, 18 Texas Crim. App., 414; Turner v. State, 14 Texas Crim. App., 168.

The law requires two sureties (Revised Statutes, 1895, article 3746), the same as for recognizances. In recognizances one surety, if sufficient for the full amount of the recognizance, shall be accepted, but this is by reason of the statute alone. Code Crim. Proc., old art. 292.

Hence we do not think that the authorities cited by appellant's counsel are in point; and the bond being invalid, the relator is not entitled to his discharge, although such a ruling may work a hardship in this particular instance. ·

We think appellant's contention, that a bond executed on Sunday is valid, is correct.

DAVIDSON, JUDGE.—Appellant, having been convicted of a misdemeanor, was released on a county convict bond, signed by Jehu Lindley as principal and John Lindley as the only surety. This bond was executed on Sunday, March 21, 1897. When the bond was executed, the fee of $1.50 for writing and approving the bond was paid, and $10 in cash on the fine. This $10 was not paid by the hirer. John Lindley owed defendant $72, which by agreement between himself and his principal and surety on the bond was to be paid on the fine and costs. This money was not paid. The relator did some work for his principal, which, with the $72 and $10 above referred to, was to go in full satisfaction of his fine and costs. This was the agreement entered into between the relator and the principal and surety in the convict bond. Nothing was ever paid on the bond, except the $10 above mentioned. Suit was brought upon the bond to collect the amount of said fine and costs. The parties to the bond defended upon the ground that it was executed upon Sunday. The bond was held invalid, or, rather, the proceedings were dismissed. Capias pro fine issued, relator arrested, and he resorted to the writ of habeas corpus to secure his discharge. Upon the trial, the court remanded the relator to custody, and this appeal is prosecuted.

It is contended now that the bond was a valid one, and he, having satisfied the sureties, is entitled to his discharge, and the State must look to the bond for the collection of the fine and costs. If the bond is valid, of course, the relator would be entitled to be discharged. It would be no objection to the bond that it was executed upon Sunday. The authorities in this State seem to be conclusive of that question. The second question is, is the bond valid, there being only one surety? We think not. This is a statutory bond, and article 3746, Revised Statutes, 1895, requires two or more good and sufficient sureties, and in order for a bond to be valid, it being a statutory bond, the terms of the statute must be complied with. See Ex Parte Medaris, 38 Texas Crim. Rep., 493. Equity will not intervene in cases of this character, nor will the fact that the

parties may have adjusted their matters between them afford ground for relief. If the bond had been a valid one, the party, having served a sufficient length of time to pay off and discharge the fine and costs imposed upon him, would be entitled to immunity from arrest. Here the statute has provided the only means by which convicts can be hired out, and the terms of the law must be complied with. The county judge is the only officer authorized to take and approve convict bonds, and his authority is limited by the statute. Beyond the powers conferred by the statute, said county judge has no authority. All acts of the county judge independent of the statutory provisions would be null and void, he having no more authority to do those acts than any other citizen. The logic of this case seems to be, so far as relator is concerned, that the bond was defeated because of its invalidity, and when he was arrested he proposed to secure his discharge, and defeat the fine and costs, by showing a settlement between himself and the principal in his bond, whereby he paid to said principal the amount of fine and costs. Under this state of case, the principal would secure the amount of the fine and costs, the State take nothing, and the relator be discharged. If the bond was a valid one, of course, no arrest could be made under the circumstances; but, it being void, as contended by the principal in the suit to test the validity of that bond, and as decided by the court, the relator was subject to arrest under the capias pro fine, and the fact that he may have settled with the principal in the bond does not satisfy the judgment in behalf of the State. If the judgment could be avoided by this process, then the principal in the bond and the relator could divide the profits of the transaction between themselves, and the ends of justice be defeated. The judgment is affirmed.

*Affirmed.*