HARRIS et al. v. TAYLOR COUNTY.
(No. 8068.)

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 19, 1914. Rehearing Denied Jan. 23, 1915.)

1. CONVICTS ⬥⟹11—BOND—SUFFICIENCY.

Under Rev. St. 1911, art. 6251, requiring two sureties thereon, a convict bond executed by one as principal and another as surety was invalid.

[Ed. Note.—For other cases, see Convicts, Cent. Dig. §§ 30, 31; Dec. Dig. ⬥⟹11.]

2. CONVICTS ⬥⟹11—CONVICT BOND—CONSIDERATION.

The custody and control of a convict given to the principal and surety in a convict's bond executed to the county judge and his successors in a penal sum afforded a sufficient consideration for the bond as a common-law obligation, though for want of two sureties, it was invalid as a convict's bond.

[Ed. Note.—For other cases, see Convicts, Cent. Dig. §§ 30, 31; Dec. Dig. ⬥⟹11.]

3. CONVICTS ⬥⟹11—CONVICT BOND—VALIDITY AS COMMON-LAW OBLIGATION.

Such bond, though invalid as an official or statutory bond, for want of two sureties, as required by Rev. St. 1911, art. 6251, was obligatory as a common-law bond.

[Ed. Note.—For other cases, see Convicts, Cent. Dig. §§ 30, 31; Dec. Dig. ⬥⟹11.]

4. EVIDENCE ⬥⟹317—COMPETENCY—HEARSAY.

In an action on a bond executed in consideration of the custody and control of a convict, wherein the deposition of the convict offered by defendants was to the effect that he had paid his fine and costs, and where it was not objected that a proper predicate had not been laid, testimony as to his conflicting statements was not objectionable as hearsay, not made in defendants' presence.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1174–1192; Dec. Dig. ⬥⟹317.]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Taylor County against I. G. Harris and another. Judgment for plaintiff, and defendants appeal. Affirmed.

D. M. Oldham, Jr., of Abilene, for appellants. H. Rob Keeble, of Abilene, for appellee.

CONNER, C. J. On February 5, 1912, appellant I. G. Harris, as principal, and appellant W. C. Fisher, as surety, executed a convict bond hiring Melvin Craig, who had theretofore been convicted of a misdemeanor, payable to Thomas A. Bledsoe, county judge of Taylor county, Tex., in the sum of $139.09, conditioned as required by Revised Statutes 1911, art. 6251. This suit was instituted by Taylor county upon said bond, alleging that it was due and unpaid. The trial resulted in a judgment for the county as prayed for.

[1] One of the material contentions made on the trial below and here is that the bond sued upon has but one surety, whereas the article of the statute already cited requires two. The fact is as stated in the objection, and our Court of Criminal Appeals, in the case of Ex parte Millsap, 39 Tex. Cr. R. 93, 45 S. W. 20, held such a bond invalid. We think it must be held that the bond under consideration in this case is not valid as a statutory bond, but appellee insists that, while it may be unenforceable as a statutory bond, it is nevertheless good as a common-law obligation, and we think this contention must be upheld.

[2, 3] The bond in express terms obligates appellants to pay to "T. A. Bledsoe, county judge of Taylor county, Tex., and his successors in office, the penal sum of $139.09, well and truly to be paid," to which they bound themselves, their heirs and assigns, jointly and severally, conditioned upon the payment of said sum specified in the bond, and it is undisputed that said sums to the extent of the judgment herein have not been paid. By virtue of the execution and delivery of this bond, which was accepted by the county judge, appellants received the lawful cus-

tody and right of control under our statutes of the convict, Melvin Craig, which in a contractual sense constitutes a sufficient consideration for the obligation. See Nat. Bank v. Lester & Hazzard, 73 Tex. 542, 11 S. W. 626; Jacobs v. Daugherty, 78 Tex. 682, 15 S. W. 160; People v. Henry Johr et al., 22 Mich. 461; 4 Elliott on Contracts, § 3491; Murfree on Official Bonds, §§ 63, 324. These authorities undoubtedly sustain the proposition that, even though an official or statutory bond may fall short of the requirements of the statute, it may yet be obligatory as a common-law bond, and to the authorities above cited we will add the case of Bernheim v. Shannon, by this court and reported in 1 Tex. Civ. App. 395, 21 S. W. 386. In that case there was but one surety upon a claimant's bond, whereas the statute required two, and it was held that, while the bond was invalid as a statutory bond, in that it contained but one surety, it was nevertheless enforceable as a common-law obligation. Nor do we think that in so holding we are in necessary conflict with the case of Ex parte Millsap, cited in behalf of appellants. In that case Millsap had been convicted of a misdemeanor, and had been released on a county convict bond signed by the principal and one surety only. The fine and costs not having been paid, he was later arrested, and sought to regain his liberty, on writ of habeas corpus, by interposing the bond and our Court of Criminal Appeals merely held that the bond did not authorize the relief he sought. The issue there was between the convict and the state, and not between the county and the principal and sureties on the bond, as here. Millsap, by virtue of his conviction, was lawfully committed to the custody of the proper officers until his fine and costs had been paid, and he could only be released by the payment of such fine and costs, or upon the execution and delivery of such bond as the statute provided, and, neither having been done, the court merely refused to discharge him, and the general language of the decision denouncing the bond as invalid must be interpreted in the light of the issue before the court.

[4] Error is assigned to the action of the court in permitting the witnesses Rob Keeble and E. M. Overshiner to testify to certain declarations of the convict, Melvin Craig, to the effect that he had not paid the fine and costs in the case wherein he had been convicted, to which appellant objected "as being hearsay statements, made by persons not being parties to this suit, and not in the presence of either party to this suit." The record discloses that this testimony was evidently offered as tending to impeach the witness Melvin Craig, whose deposition was offered by appellants, and who therein testified that he had paid said fine and costs. No objection seems to have been urged that

the proper predicate had not been laid, and, this being true, the objection that Craig's conflicting statements were hearsay, and not made in appellant's presence, is untenable.

While the evidence on the issue of the payment of the fine and costs in the case against Melvin Craig and the subsequent discharge of the bond sued upon in this case is conflicting, we think it, on the whole, sufficient to support the court's finding and judgment in favor of the county.

It is, accordingly, ordered that all assignments be overruled and the judgment affirmed.

Affirmed.