**MADDOX et al. v. HOLLUMS.  (No. 2570.)**

(Court of Civil Appeals of Texas.  Texarkana.
May 11, 1922.)

1. **Sequestration ⬉15—Replevin bond, having only one surety, not statutory bond.**

Replevin bond, given by defendant in sequestration pursuant to but not having two sureties, as required by Rev. St. art. 7103, though conditioned in the terms of article 7105, is not enforceable as a statutory bond.

2. **Sequestration ⬉15— Defendant's replevin bond with one surety considered, as common-law bond, voluntary.**

Defendant in sequestration being entitled to possession of the property pending the litigation only on giving a bond pursuant to Rev. St. art. 7103, with two or more sureties, the giving by him for such purpose of a bond with only one surety is voluntary, as regards his being bound by it as a common-law bond.

3. **Sequestration ⬉15—That obligee may enforce as common-law bond replevin bond with one surety, he must have consented to it.**

To sustain as a common-law bond one given by defendant in sequestration to obtain possession of the property pending litigation, the

obligee must have consented to or ratified it as executed with only one surety, when the statute required two sureties.

**4. Appeal and error ⟨key⟩1011(1) — Finding on conflicting evidence as to assent of surety not disturbed.**

Finding involved in judgment that surety on bond assented to there being but one surety, being on conflicting evidence, will be sustained on appeal.

**5. Sequestration ⟨key⟩15—Surety consenting to only one surety on replevin bond liable as on common-law bond.**

The surety on a bond given by defendant in sequestration to obtain possession of the property pending litigation, being paid a consideration to sign, and being indemnified by deposit of money equal to anticipated damages, and assenting to being bound thereby, though it did not have the two or more sureties required by Rev. St. art. 7103, is liable thereon as a common-law bond.

Appeal from District Court, Grayson County; Silas Hare, Judge.

Action by J. W. Hollums against S. T. Maddox and another. Judgment for plaintiff, and defendants appeal. Affirmed.

This suit is by appellee against appellants, as principal and surety, on a replevin bond for real estate, to recover damages in the value of a house negligently destroyed by fire and for the rents of the premises for the year 1920. The defendants pleaded in bar the judgment rendered in the former suit as res adjudicata of the present suit, and filed a general denial. The defendant McCarthy further specially pleaded that the principal in the bond, S. T. Maddox, promised to procure an additional signer to the bond, but failed to do so, and delivered it to the sheriff; that the bond is a statutory bond, and that such bond, signed only by one surety, is invalid, and that he insisted on that as a defense. He further prayed for recovery against S. T. Maddox for any amount that the plaintiff might recover against him. By trial amendment the plaintiff, pleaded ratification by C. C. McCarthy of the bond after its execution, and that he voluntarily signed same for a consideration specially paid to him by S. T. Maddox.

The case was submitted to the jury on two special issues: (1) The rental value of the premises for the year 1920; and (2) the value of the house on the land that was consumed by fire. The court entered judgment on the answers of the jury in behalf of the plaintiff against both defendants, and also in favor of defendant McCarthy against S. T. Maddox for a like amount. A judgment was entered in favor of Mrs. Maddox, a married woman.

It appears from the evidence that the appellee made a contract with S. T. Maddox to sell and convey to him a certain tract of land in Grayson county; S. T. Maddox executing certain notes payable to the appellee as the consideration therefor. S. T. Maddox went into possession of the land under the terms of the contract; and, Maddox having defaulted in the payment of the notes, appellee filed a suit on January 21, 1920, against him and his wife, in trespass to try title for the recovery of the land, and, in the alternative, to recover the amount of the notes given as the consideration therefor and to foreclose the vendor's lien therein retained. The appellee on same date sued out a writ of sequestration in said suit, and the sheriff took possession of the land by virtue thereof. On January 24, 1920, S. T. Maddox and his wife as principals, and C. C. McCarthy as surety, signed a bond payable in the sum of $8,000 to the appellee, and conditioned "that the defendants S. T. Maddox and Ella Maddox will not injure said property, and that they will pay the value of the rents of same in case they shall be condemned so to do." The bond is in all respects in compliance with the statute for replevy bonds for real estate, with the exception that C. C. McCarthy was the only surety thereon. The bond after its execution was by S. T. Maddox left at the office of a justice of the peace to be delivered to the deputy sheriff assigned to Denison. The land, by virtue of the bond, was delivered by the .sheriff to S. T. Maddox. On November 29, 1920, that case was tried in the district court, and a judgment was rendered in behalf of the appellee for the recovery of the title and possession of the land. The judgment recites:

"And it further appearing to the court that the plaintiff had sequestrated the premises described, and that defendant S. T. Maddox had replevied the same, but that he did not give a statutory replevin bond in that the same was only signed by one surety, the said plaintiff is permitted without prejudice to not prosecute his claim for the damages against S. T. Maddox, claimed by him by reason of the act of defendant in replevying said place. It is ordered, adjudged and decreed that this judgment shall not be a bar against plaintiff's rights to sue for the damages, if any, suffered by him by reason of the replevin of said premises and by reason of the bond given at said time."

During the time S. T. Maddox had possession of the land, and after the issuance of the writ of sequestration and after the execution of the bond in suit, the house on the place, occupied by tenants was destroyed by fire through carelessness. The value of the house and of the rental of the farm, as found by the jury, has support in the evidence.

It appears that S. T. Maddox paid C. C. McCarthy a fee of $25 for becoming surety on the bond, and, in addition thereto, deposited with C. C. McCarthy the sum of $612 to indemnify McCarthy against loss or liability as surety on the bond. C. C. McCarthy testi-

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

fied that S. T. Maddox paid him $25 to go on the bond as surety, and that he, under a mutual executed written agreement, signed the replevin bond as a surety in consideration of the money paid him to do so and the deposit with him by Maddox of $612, as indemnity against loss or legal liability as a surety on the bond. He further testified:

"When I signed the bond there was no other surety on it, but they were to get another surety. I do not know who was to be the other surety. He did not say that he would give the other fellow $25. I did not ask him. I did not tell him I would give the other fellow half of the $25. I understood the bond was to be given in the case pending in the court, and would be filed in the court. I also understood the effect of the bond was to take the property out of the hands of the sheriff and put it back in the hands of Maddox. I discovered here recently, since the suit was filed, that there was not another surety on the bond."

S. T. Maddox, though, testified, and his testimony is corroborated by other evidence, that he never promised or agreed with McCarthy that another surety would be obtained before filing the bond. He further testified that he contracted with C. C. McCarthy to become the surety on the bond for the consideration of $25 paid him, and that in pursuance of the contract he signed the bond as the surety. It appears that S. T. Maddox is insolvent. The principal and surety both appeal from the judgment.

J. H. Randell, of Denison, and Randell & Randell, of Sherman, for appellants.

Wood, Jones & Wood, of Sherman, and J. W. Hassell, of Austin, for appellee.

LEVY, J. (after stating the facts as above). Article 7103, R. S., provides:

"When property has been sequestered, the defendant shall have the right to retain possession of the same by delivering to the officer executing the writ his bond, payable to the plaintiff, with two or more good and sufficient sureties, to be approved by such officer, for an amount of money not less than double the value of the property to be replevied."

Article 7105, R. S., provides:

"If the property be real estate, the condition of such bond shall be that the defendant will not injure the property, and that he will pay the value of the rents of the same in case he shall be condemned so to do."

[1-3] The replevy bond in the instant suit is in the very language prescribed and has all the requirements of the above articles of the statute, with the exception that it is signed by but one surety, C. C. McCarthy, the appellant. The principal question presented by the assignments is that of whether or not the court erred in holding, in effect, that the bond sued upon, while not good as a statutory bond, was, under the facts of this case, good and enforceable as a common-law obligation.

This appellant surety specially insists that he is not legally liable thereon at all, as the bond is in terms purely a statutory bond, required by law to be executed by two or more sureties, and is not binding on one surety when executed by him alone. The practical and general difference between a "common-law bond" and a "statutory bond" is that the latter conforms to all the requirements of the statute, while the former does not. It is quite generally held that where "the terms and conditions" of the bond substantially deviate from "the conditions" prescribed by a statute, or where a bond is voluntarily given when not at all required by law, it is deemed a common-law and not a statutory bond. 4 Elliott on Contracts, § 3503; Dignan v. Shields, 51 Tex. 322; Leona I. M. & C. Co. v. O. M. Roberts, Governor, 62 Tex. 615; Bank v. Lester, 73 Tex. 547, 11 S. W. 626; Jacobs v. Daugherty, 78 Tex. 682, 15 S. W. 160. Provided, however, where a bond is compelled and taken under color of legal authority, which, independently of the statute, the principal in the bond was neither legally nor morally bound to give as a prerequisite to the exercise of the right, that the bond is not enforceable and will not be binding as a voluntary bond at common law. Johnson v. Erskine, 9 Tex. 1; 9 C. J. p. 28. Furthermore, it is held that, even though a bond in terms of the statute may have only one surety, whereas the statute requires two, it may yet under special circumstances be sustained as a valid common-law obligation. Bernheim & Co. v. Shannon, 1 Tex. Civ. App. 395, 21 S. W. 386; Harris v. Taylor Co. (Tex. Civ. App.) 173 S. W. 921; 5 Cyc. p. 731.

In view of these decisions, the bond in issue is not good as a statutory bond, because there is failure of the legal requirements to have thereon "two or more good and sufficient sureties." The statute being notice to all parties concerned that at least two sureties were required in order to be a legal bond, the surety here, in the absence of a specific express waiver that there be two sureties, may insist that he is not liable thereon as a purely statutory bond. And still, to be good as a common-law bond it must have all the requisites of a voluntary obligation such as would legally require it to be pronounced valid as a common-law bond. Clearly, in the facts, it was not given through coercion or duress under color of legal authority operating to make it not binding as a voluntary bond. Independently of the statute S. T. Maddox, the defendant in the sequestration writ, was not legally entitled to the possession and use of the land pending the litigation after it was sequestered. To be legally entitled to the possession and use of the land he was required to give a bond therefor. The sheriff executing the writ and bonding the property was not authorized to deliver possession pending litigation to the defendant in the writ without a

bond as required by law. Therefore the defendant in the writ in tendering a bond to the sheriff with the view and purpose of obtaining thereby the possession and use of the land pending litigation, which he was not legally entitled to have without a bond, was not doing an act wholly involuntary and more onerous than prescribed by law. In such circumstances the giving of the bond is not wanting in the mutual assent of the defendant in the writ to be bound by its terms and effect. Further, in going into possession and using the property under the bond in virtue thereof there is evidenced the assent of the principal of the bond to the benefit and terms of the bond; and there is little doubt, in the facts here, that the principal regarded the bond as binding upon him. Of course, the officer taking the bond here was not authorized by the law to make a common-law obligation with the principal making the bond, and, therefore, to sustain the bond as a common-law bond, it must further appear, in substance, that the obligee in the bond, now seeking to enforce same, consented to the contract or obligation, as it is executed, with the makers thereof. There does appear evidence to show ratification, both as to principal and surety, sufficient to sustain the trial court's finding in that respect, as involved in the judgment. Wooters v. Smith, 56 Tex. 198.

[4, 5] The bond, then, having, as it appears from the facts, all the elements of a common-law obligation as to the maker of it, the further pertinent question is, Is the surety, as a legal consequence, bound thereby? Whatever may be said of that question under facts different from those here, it is believed that, under the special facts of this case appearing in the record, it should be said that the surety is legally bound by reason of his assent to the obligation in suit. Assent of such surety that the principal in the bond could and should have possession and use of the property pending the litigation under the bond as it was executed is reasonably inferable from all the facts of the case; and as such fact is necessarily involved in the court's judgment, such finding of fact must be taken and sustained on the appeal. Appellant, it is true, testified that he was promised that another surety should sign the bond with him, but there is evidence to the contrary; and on this conflicting evidence the trial court's finding, involved in the judgment, will be sustained. Therefore the facts are to be viewed as if no such agreement was made, and consequently no fraud nor breach of contract, in legal effect, was practiced upon such surety.

However, it is here observed that, had it appeared that such surety relied only upon the statute being complied with and additional sureties being obtained before filing the bond, a serious question would be presented of any legal liability of the surety, considering the fact that the conditions of this bond are in strict language of the statute. But special facts appear in this record authorizing the inference of fact, as presumably made by the trial court, that the surety did not sign the bond as surety as a mere gratuity in faith of the statutory requirement that additional sureties be obtained, but only upon a special contract so to do for a consideration paid and a deposit of money as indemnity against liability as a surety. He, as admitted, under the contract so made was to receive, and did receive, a certain sum of money, equal to the anticipated damages in this case, from the principal in the bond, for the very purpose of applying it to the satisfaction and extinguishment of any judgment obtained by the obligee in the bond against the principal and the surety on the bond. It is apparent from the further circumstances that such surety actually knew at the time that the principal in the bond, in faith and reliance of the bond executed at the time and of the indemnity placed in the surety's hand, intended and would have obtained and continued possession and use of the property sequestered pending the litigation. By the contract the surety was authorized to apply his principal's money to pay any judgment on the bond and extinguish the liability of the principal and surety to the full extent of the security. It is not against the law or the policy of the law for such surety to so specially contract. There was a valuable consideration passing for the contract. It was, as the court was authorized under the evidence to treat it, purely a voluntary contract of suretyship evidencing an intention, in the light of the whole evidence here, to be bound by his undertaking as executed, independent and regardless of statutory requirement as to additional sureties. A cosurety on the bond could, in the light of the facts, have been of no more legal benefit to such surety than the indemnity in his hands available to extinguish all his liability. By the indemnity available to pay and discharge any liability on the bond such surety was benefited and relieved of any necessity to bring suit against the principal for reimbursement of any judgment paid, or against any cosurety for contribution. Upon the ground of assent of the surety to be bound by the bond as it was executed and delivered, he will be held to be legally bound as upon a voluntary obligation good as a common-law bond.

We have examined the other assignments, and think they should be overruled.

The judgment as to both appellants is affirmed.